IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

RAKEEM SADAT MCCLENDON,   *
                          *
     Plaintiff,           *
                          *
          v.              *     CV 420-233
                          *
OFFICER ANTHONY M. TAYLOR; *
CHIEF ROY MINTER; and SAVANNAH *
POLICE DEPARTMENT,        *
                          *
     Defendants.          *

O R D E R

Plaintiff filed this lawsuit while housed at the Chatham County Detention Center. (Compl., Doc. No. 1, at 3.) Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought under 42 U.S.C. § 1983. (Doc. No. 3 (granting IFP status).) Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (per curiam); 28 U.S.C. § 1915A. A *pro se* litigant's pleadings are held to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the Complaint or any portion thereof if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

For the following reasons, Plaintiff's claims are dismissed without prejudice.

## I.   BACKGROUND

Plaintiff asserts a claim for false arrest against the Defendants. (Compl., Doc. No. 1, at 5.) On July 22, 2020, Plaintiff found himself in an altercation with his fiancée's brother, Christopher Fripp, at a Kroger. (Id.) The police were called to the scene, and officer Anthony M. Taylor was the first to arrive. (Id.) Taylor and other officers began to investigate. (Id.) Once the officers realized Plaintiff had a criminal history, the officers allegedly became biased and prejudiced against Plaintiff. (Id.) An officer told Plaintiff he "was under arrest for aggravated battery because" he knocked Fripp's teeth out. (Id.) Plaintiff alleges that he never knocked out Fripp's teeth and that the officers arrested him solely because of "discriminatory feelings" about his criminal history. (Id.) Plaintiff also alleges that the Savannah Police Department and Chief Minter are responsible for failing to adequately train Taylor. (Id.)

As relief, Plaintiff seeks monetary damages as well as acquittal for the aggravated battery charge. (Id. at 6.)

## II.   LEGAL STANDARD

A complaint or any portion thereof may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be

2

granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that

3

the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, courts afford a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that courts have a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### III. DISCUSSION

*A. Chief Minter*

Plaintiff attempts to assert a failure-to-train claim against Chief Minter. Generally, there is no *respondeat superior* or vicarious liability under Section 1983 claims. Vielma v. Gruler, 808 F. App'x 872, 881 (11th Cir. 2020) (citing City of Canton v. Harris, 489 U.S. 378, 385 (1989)). However, "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." Id. (quoting Canton, 489 U.S. at 388). "Establishing deliberate indifference requires proof that a municipal actor disregarded a known or obvious consequence of his action." Id. (internal quotations and citations omitted). Ordinarily, this requires a plaintiff to demonstrate a pattern of similar constitutional violations by untrained employees. Id.

4

Plaintiff has not alleged a pattern of constitutional violations or deliberate indifference. His allegation that "Minter [is] partially to blame for depriving me of my rights by not adequately training Officer Taylor" is insufficient as a matter of law to state a cause of action against Minter.

*B. Savannah Police Department*

Plaintiff's claims against the Savannah Police Department fail because police departments are not entities subject to suit. See Lovelace v. DeKalb Cent. Prob., 144 F. App'x 793, 795 (11th Cir. 2005) (*per curiam*) (collecting cases); Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992); Smith v. Chatham Cnty. Sheriff's Dep't, 2012 WL 5463898, at *2 (S.D. Ga. Oct. 22, 2012), *adopted by* 2012 WL 5463762 (S.D. Ga. Nov. 8, 2012).

*C. Officer Taylor*

It is not exactly clear what constitutional violation Plaintiff claims Officer Taylor committed. Plaintiff alleges that Taylor slandered, libeled, and defamed him, as well as arrested him under false pretenses. The most likely case is that Plaintiff intended to assert a false arrest claim.

"A claim for false arrest arises when an arrest occurs without a warrant and without probable cause." Jones v. Brown, 649 F. App'x 889, 890 (11th Cir. 2016) (citing Brown v. City of Huntsville, 608 F.3d 724, 734 (11th Cir. 2010)). From the face of the Complaint,

there was probable cause to arrest Plaintiff for aggravated battery.[1] The allegations state that Plaintiff was involved in an altercation at a supermarket, the severity of which warranted calling the police. These facts would cause "a prudent person to believe . . . that the suspect has committed . . . an offense." Wood v. Kesler, 323 F.3d 872, 878 (11th Cir. 2003) (quoting Rankin v. Evans, 1425, 1435 (11th Cir. 1998)). Thus, Plaintiff's claims against Officer Taylor fail too.

### IV.   CONCLUSION

For the reasons explained above, Plaintiff has failed to state any arguably viable claims in his pleadings. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), **IT IS HEREBY ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this ___ day of April, 2022.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Under OCGA 16-5-24, "A person commits the offense of aggravated battery when he or she maliciously causes bodily harm to another by depriving him or her of a member of his or her body, by rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof."